NO. 07-00-0424-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 3, 2001
_____

RICHARD PELFREY,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 12,585-C; HON. PATRICK PIRTLE, PRESIDING
_____

***ABATE AND REMAND***
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Richard Pelfrey (appellant) appeals from a judgment convicting him of indecency with a child. After appellant's notice of appeal and the appellate record were timely filed, appellant's counsel filed a Motion to Abate and Remand. Through this motion, appellant represents that even though the judgment shows that he was convicted of indecency with a child, he was actually convicted of the lesser included offense of attempted indecency with a child. The State has not filed a response.

We abate the appeal and remand the cause to the 251st Judicial District Court (district court) and order the district court to immediately notice and conduct a hearing to determine whether the judgment incorrectly reflects the offense for which appellant was actually convicted and, if so, whether the mistake is a clerical error subject to correction via a nunc pro tunc judgment. If it is determined that the judgment is incorrect and that the mistake is a clerical error, then the trial court shall execute all orders or decrees needed to correct the error and enter a nunc pro tunc judgment reflecting the offense for which appellant was actually convicted.

Furthermore, the district court shall also cause to be developed 1) findings of fact and conclusions of law addressing whether the judgment incorrectly reflects the offense for which appellant was actually convicted and whether the mistake was clerical, 2) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders and any nunc pro tunc judgment of the district court issued as a result of its hearing on this matter, and 3) a reporter's record transcribing the evidence and argument presented at the hearing on this matter. Additionally, the district court shall cause the supplemental clerk and reporter's records to be filed with the clerk of this court on or before May 3, 2001. Should additional time be needed to perform these tasks, the district court may request same on or before May 3, 2001. Finally, the deadline by which appellant must file its appellant's brief is extended to June 4, 2001.

It is so ordered.

Per Curiam

Do not publish.

2